UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-60760-CIV-COHN/SELTZER

SANDRA I. VILLAFANA, and other
similarly-situated individuals,

       Plaintiff,

vs.

FEEDING SOUTH FLORIDA, INC.,

       Defendant.       /

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Feeding South Florida, Inc., a Florida nonprofit corporation, hereby files its Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), as follows:

#### I.    INTRODUCTION

1.    This is an action for unpaid wages brought by Plaintiff pursuant to the FLSA, 29 U.S.C. § 201, et seq., relating to her work for Defendant. [ECF No. 1].

2.    Founded in 1981, Defendant, Feeding South Florida, Inc., is a 501(c)(3), Florida nonprofit corporation that, among other things, works to end hunger in South Florida by reducing food waste and providing food and other grocery products to a network of other nonprofit agencies. This task has grown only more important during the severe and ongoing economic-recession because the number of individuals seeking emergency food assistance in South Florida has risen substantially.

3. Plaintiff alleges that from April 2, 2010, to June 15, 2012, she worked as a "SORTER" for Defendant, began working each day at 7:30 a.m., but was only paid for hours after 8 a.m. [ECF No. 1, ¶ 11].

4. A review of Plaintiff's Complaint suggests that Plaintiff is proceeding under both an enterprise and individual coverage theory. [*See*, *e.g.*, ¶¶ 8-9].

5. However, Plaintiff has failed to state a plausible claim for relief under either coverage theory and therefore the Court should dismiss her Complaint.

## II. MEMORANDUM OF LAW AND ARGUMENT

### a. Standard for a Motion to Dismiss

In reviewing a motion to dismiss under Rule 12(b)(6), a court should take all *well-pleaded* facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting rule).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must plead enough facts to state a plausible basis for the claim. *Id.* In other words, a plaintiff's [f]actual allegations must be enough to raise a right to relief above the speculative level. *Id.*

18841288v1 0945414

      *b.*      *The Court Should Take Judicial Notice that Defendant is a 501(c)(3) Nonprofit Charity Which Works to End Hunger By Using Donations to Feed the Less Fortunate*

      Federal Rule of Evidence 201(b)-(c) provides that:

The court may judicially notice a fact that is not subject to reasonable dispute because it:
(1) is generally known within the trial court's territorial jurisdiction; or
(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
(c) Taking Notice. The court:
(1) may take judicial notice on its own; or
(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

      The Supreme Court of the United States has held that a Court may take judicial notice of facts when considering a Rule 12(b)(6) motion to dismiss.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (including in the list of items that a court may consider on a motion to dismiss "matters of which a court may take judicial notice."); *see also Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977) ("A court may take judicial notice of facts of "common knowledge" in ruling on a motion to dismiss."); *Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 262 n.4 (N.D.N.Y. 2008) (taking judicial notice that a certain organization is "a non-profit charitable organization . . . that provides free air transportation for charitable needs.").

      There can be no doubt that in the Southern District of Florida it is generally known that Defendant is a nonprofit charitable organization dedicated to feeding the hungry using donations (or at least that it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned that this is so).

      For example, a Westlaw search of the databases labeled "Florida News" and "Florida Papers" using the search terms "Feeding South Florida" & (charity charitable) generates 122 article results describing the charity and its activities, including but not limited to in sources such as the South Florida Sun Sentinel (*e.g.*, 2013 WLNR 5956054, 2012 WLNR 25655329), the

Associated Press (11/22/12 APALERTFL 08:02:00, 9/6/12 AP Alert - Bus. 18:01:07), the Miami Herald (2012 WLNR 23845072, 2012 WLNR 10323375), and the Palm Beach Post (2011 WLNR 25824959, 2011 WLNR 23786904);[1] *see also* Defendant's Florida Division of Corporations Listing, http://search.sunbiz.org/Inquiry/CorporationSearch/Search ResultDetail/EntityName/domnp-756490-39e697be-5699-487b-bf5f-fde47ab17d5a/Feeding %20South%20Florida/Page1 (last visited April 30, 2013).

Defendant therefore respectfully requests that this Court take judicial notice that it is a 501(c)(3) nonprofit charity which works to end hunger by using donations to feed the less fortunate. *Cf. generally Reagor v. Okmulgee Cnty. Family Res. Ctr., Inc.*, No. 11-7070, 2012 WL 5507181, at *5 (10th Cir. Nov. 14, 2012) (affirming dismissal of FLSA case brought under enterprise coverage theory because "[g]enerally, activities of nonprofits are not considered to be conducted for a common business purpose unless they engage in a commercial activity" and plaintiff did not plausibly plead the charity-defendant was engaged in commerce) (internal quotations omitted).

### c.    *The FLSA Generally*

The Fair Labor Standards Act "requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). The FLSA is triggered when either the employer falls under the FLSA's enterprise coverage provision or a particular employee falls under the FLSA's individual coverage provision. *Id.* In this

---

[1]    To be clear, although some do not appear like traditional Westlaw citations, copying and pasting the citations inside the parentheses into Westlaw should result in the cited material.

instance, the Court should dismiss Plaintiff's Complaint because Plaintiff has not sufficiently pleaded either theory of coverage.

Plaintiff has failed to state a claim for individual coverage because she failed to allege the nature of her work or any other details that would make her individual coverage allegations well-pleaded and plausible under *Iqbal*/*Twombly*.

Plaintiff has failed to state a claim for enterprise coverage because Defendant is a nonprofit charity but Plaintiff has made no well-pleaded allegations establishing that it was actually engaged in commerce or operated with a traditional business purpose in competition with the private sector.

### d.   *Plaintiff Failed to State a Claim for Individual Coverage*

For individual coverage to apply, the particular employee in question "must be *directly participating in the actual movement* of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315-16 (11th Cir. 2011) (emphasis in original).  With regard to individual coverage, the Eleventh Circuit has noted that the "Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (emphasis added) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)).

Stated differently, "an employee may claim 'individual coverage' if he regularly and directly participates in the actual movement of things or persons in interstate commerce." *Ceant*

5

*v. Aventura Limo. & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1376 (S.D. Fla. 2012).  In *Ceant*, 874 F. Supp. 2d at 1378, the district court explained that, at a bare minimum, in order to establish the existence of individual coverage a plaintiff must "state the nature" of the plaintiff's work and "must provide only straightforward allegations connecting that work to interstate commerce." *Ceant v. Aventura Limo. & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012).

As far as Defendant is able to discern, Plaintiff included only two paragraphs in the entire Complaint [ECF No. 1] that could be construed as relating to individual coverage and these allegations fail to state a claim because they are a classic bare-bones recitation of the elements.

First, in paragraph 8, Plaintiff alleges that "Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements and/or Plaintiff regularly and directly participates in the actual movement of persons or things in interstate commerce."  Second, in paragraph 9, Plaintiff alleges that "and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant . . . The Plaintiff's work for the Defendant likewise affects interstate commerce."

Nothing in either of these paragraphs describes the nature of Plaintiff's work and or how that work plausibly qualifies for individual coverage.  This Court and others have previously rejected such vague, barebones recitations of the elements.  For example, in *Perez v. Muab*, No. 10-62441-Civ, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011), this Court rejected that a plaintiff stated a well-pleaded claim by alleging that "during her employment with Muab, Inc., [the plaintiff] was engaged in commerce or in the production of goods for commerce."  *Cf. Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1370 (S.D. Fla. 2011) ("Plaintiff's complaint is devoid of any allegations describing the type of business activities in which Defendants are engaged and for what purpose. Instead, Plaintiff literally has taken the

6

legal test for joint enterprise coverage and repeated its exact terms as his allegations . . . A reader of Plaintiff's complaint is no more informed about the alleged factual basis for Plaintiff's legal claim (i.e., that Defendants performed related activities for a common business purpose) than a reader of the federal regulation on which the test is based.")

Defendant urges the Court to ask itself this question in resolving its motion: what is it that Plaintiff is alleging she actually did for her work and how did that specific work involve the movement of people or things in interstate commerce?  Based on her Complaint, Defendant suggests that it is impossible to answer this question.  Although Plaintiff elsewhere alleges that she was a "SORTER," Plaintiff merely states that she "perform[ed] the same or similar duties as that of those other similarly-situated 'SORTERS'" without explaining in any way what those duties were.  [ECF No. 1, ¶ 10].  This is insufficient to state a claim.  *See Sciacca*, 2013 WL 656325, at *3 (holding Plaintiff failed to state claim for enterprise or individual coverage because "Plaintiff's only somewhat specific allegation is that he was employed as a 'boat outfitter,' but he fails to specify in the Complaint what kind of business Vectorworks Marine, LLC, is or performs and it is not self-evident what a 'boat outfitter' does.").  The Court should therefore dismiss Plaintiff's claim for individual coverage under the FLSA.

### e.     *Plaintiff Failed to State a Claim for Enterprise Coverage*

In the typical case, a court determines whether enterprise coverage exists only by looking for well-pleaded allegations establishing that the employer: (1) has employees engaged in commerce or the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) has at least $500,000.00 of annually gross volume of sales or business done.  *Polycarpe*, 616 F.3d at 1220 (citing 29 U.S.C. § 203(s)(1)(A)).  The reason the analysis nearly

universally proceeds this way, by reference only to § 203(s), is that most employers operate <u>for</u>-profit organizations with a *business purpose*. But this case is <u>not</u> the typical case and requires taking a step back to § 203(r)(1).

In *Jacobs v. New York Foundling Hospital*, 577 F.3d 93, 99 n.7 (2d Cir. 2009), the Second Circuit noted that "the existence of FLSA enterprise coverage is a two-step determination."[2] "That is, an employer must not only be an 'enterprise' under" § 203(s), but it also must be so under § 203(r)(1). *Id.* This is because § 203(r)(1) excludes certain types of organizations from the definition of an "enterprise."

> 29 C.F.R. § 779.214 further explains that:
>
> The activities described in section 3(r) are included in an enterprise only when they are performed for a "business" purpose. Activities of eleemosynary, religious, or educational organization may be performed for a business purpose. Thus, where such organizations engage in ordinary commercial activities, such as operating a printing and publishing plant, the business activities will be treated under the Act the same as when they are performed by the ordinary business enterprise. (See Mitchell v. Pilgrims Holiness Church Corp., 210 F. 2d 879 (CA–7); cert. den. 347 U.S. 1013.) However, the nonprofit educational, religious, and <u>eleemosynary</u> activities will not be included in the enterprise unless they are of the types which the last sentence of section 3(r), as amended in 1966, declares shall be deemed to be performed for a business purpose. Such activities were not regarded as performed for a business purpose under the prior Act and are not so considered under the Act as it was amended in 1966 except for those activities listed in the last sentence of amended section 3(r). (See § 779.21.)[3]

(emphasis added).

---

[2] While not a case about nonprofits, in *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1229 (11th Cir. 2011), the Eleventh Circuit recognized that § 203(r)(1) must be satisfied first when it referred to § 203(r)(1) for the definition of an "enterprise" and then relied on § 203(s) to explain the secondary consideration of whether an "enterprise" can be considered as "engaged in commerce or in the production of goods for commerce."

[3] "Eleemosynary" means "Of, relating to, or assisted by charity; not-for-profit." BLACKS LAW DICTIONARY 559 (8th ed. 2004).

Federal courts, both at the circuit and appellate level, agree that "[u]nless it engages in commercial activity in competition with private entrepreneurs or qualifies as one of the organizations listed in 29 U.S.C. § 203(r)(2), a non-profit charitable organization is not an 'enterprise' under § 203(r) because it is not conducted for a 'business purpose.'" *Joles v. Johnson Cnty. Youth Serv. Bureau*, 885 F. Supp. 1169, 1175 (S.D. Ind. 1995); *accord Reagor*, 2012 WL 5507181, at *3; *Jacobs*, 577 F.3d at 97; *Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1293-94 (M.D. Fla. 2005); *Wagner v. Salvation Army*, 660 F. Supp. 466, 468 (E.D. Tenn. 1986).

In her Complaint, Plaintiff makes <u>no</u> allegations whatsoever establishing that Defendant, which the Court may judicially notice is a nonprofit charitable food bank, engages in any commercial activity in competition with private entrepreneurs, and Defendant is clearly not an organization of the type listed in § 203(r)(2). Plaintiff therefore fails to state a claim for enterprise coverage.

Plaintiff may argue that the Court should wait for summary judgment to resolve this issue, but Defendant respectfully urges that this would be an inferior approach given the recent and clear circuit court precedent. Stated differently, Defendant respectfully suggests that the time is now for the Court to protect this nonprofit food bank from the time, expense, and distraction of litigation which Plaintiff has not yet demonstrated is viable. *See Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No.. 7:08-CV-32(HL), 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (noting that motions to dismiss "present purely legal questions and can therefore be resolved without the need for discovery, which can spare the court and the litigants the myriad costs of discovery, if the court's ruling results in dismissal.").

In *Reagor v. Okmulgee Cnty. Family Res. Ctr., Inc.*, No. 11-7070, 2012 WL 5507181 (10th Cir. Nov. 14, 2012), the Tenth Circuit heard an appeal of the Eastern District of Oklahoma's dismissal of an FLSA complaint, in pertinent part, based on a failure adequately to plead enterprise coverage over a nonprofit. The Tenth Circuit affirmed. In doing so, the Tenth Circuit noted that the general rule is "activities of nonprofits 'are not considered to be conducted for a common business purpose unless they engage in a commercial activity,'" but that "[n]othing in the complaint suggests that [defendant nonprofit] OCFRC was engaged in a business purpose or in any type of competition." *Id.* at *5. the Tenth Circuit concluded that, absent such allegations, a district court "cannot draw an inference that her claim that she is entitled to protection under the FLSA is plausible." *Id.*

Defendant confirmed using PACER that, in *Reagor*, while the plaintiff identified defendant OCFRC as a non-profit, the plaintiff did not allege in the complaint the precise nature of OCFRC's activities or whether it engaged in competition with the private sector. [*See* Case No. 6:11-cv-00085-JHP, ECF No. 18 (E.D. Okla. June 10, 2011)]. It therefore appears that, when judicial notice of Defendant's status is taken, this Court is dealing with a situation similar to that in *Reagor* in all relevant ways (i.e., knowledge of defendant's nonprofit charitable status and a complaint that fails to allege engagement in commercial activities in competition with the private sector). As a result, the Court should dismiss Plaintiff's claim for enterprise coverage.

### III.   CONCLUSION

For the reasons described above, Plaintiff has failed to alleged facts adequate to state a plausible claim for relief under either an FLSA enterprise or individual coverage theory. The Court should therefore dismiss her Complaint.

18841288v1 0945414

Wherefore Defendant, South Florida, Inc., a Florida nonprofit corporation, respectfully requests the Court dismiss Plaintiff's Complaint and order that, should Plaintiff attempt to replead, that she include well-pleaded allegations sufficient to remedy the omissions noted in this motion, as well as any other relief to which the Court deems Defendant entitled.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Anthony M. Georges-Pierre and Carlo Marichal, Esqs., Remer & Georges-Pierre, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

s/Daniel A. Krawiec
Cheryl L. Wilke
Florida Bar No. 893780
Daniel A. Krawiec
Florida Bar No. 59136
HINSHAW & CULBERTSON LLP
One East Broward Boulevard - Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Primary: cwilke@hinshawlaw.com
 Secondary: dkrawiec@hinshawlaw.com
Office: ftllitigation@hinshawlaw.com

18841288v1 0945414