UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-CV-60760-COHN/SELTZER

SANDRA I. VILLAFANA,
and other similarly-situated individuals,

    Plaintiff(s),

v.

FEEDING SOUTH FLORIDA, INC.,

    Defendant.
_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, SANDRA I. VILLAFANA ("Plaintiff"), by and through undersigned counsel, hereby files her Response in Opposition to Defendant's Motion To Dismiss, and respectfully requests this Honorable Court enter an order denying Defendant's Motion To Dismiss. In support thereof, Plaintiff states as follows:

### MEMORANDUM OF LAW

**I.   MOTION TO DISMISS STANDARD**

In evaluating a motion to dismiss, a court must "accept all factual allegations in the complaint as true" in the light most favorable to the nonmoving party. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). A

court should deny a motion to dismiss unless the moving party demonstrates "beyond doubt" that "no set of facts" could entitled the nonmoving party to relief. *75 Acres, LLC. V. Miami-Dade Cnty, Fla.*, 338 F.3d 1288, 1293 (11th Cir. 2003). Moreover, a court should deny a motion to dismiss where the complaint contains factual allegations that are "enough to raise a right to relief above speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court need only decide "whether the claimant is entitled to offer evidence to support the claims" alleged in its complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds* by *Davis v. Scheuer*, 468 U.S. 183 (1984).

## II. JUDICIAL NOTICE STANDARD

Although a court may convert a motion to dismiss into one for summary judgment, it may take judicial notice of certain issues "without converting the motion to dismiss into a motion for summary judgment. *See Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006).

## III. PLAINTIFF SUFFICIENTLY STATED A CAUSE OF ACTION FOR UNPAID OVERTIME WAGES UNDER THE FLSA

To establish a claim under the FLSA, a party must show: (1) that the plaintiff was the Defendant's employee; (2) that the defendant is an enterprise engaged in interstate commerce or that the plaintiff is individually covered; (3) that the plaintiff worked over forty hours in a single workweek; and (4) that the defendant did not pay the plaintiff overtime compensation for the hours worked in excess of forty. *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008). Plaintiff's complaint sufficiently pleads the aforementioned elements. As such, the motion to dismiss must be denied.

### A. Plaintiff Sufficiently Alleged Defendant is Covered by the FLSA

A plaintiff must show she is "covered" by the FLSA as a prerequisite to being entitled to overtime compensation. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). Coverage may be established in two ways: enterprise coverage or individual coverage. *Id.* Individual coverage is satisfied where the plaintiff alleges that she regularly and directly participated in the movement of things or persons engaged in interstate commerce. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). A plaintiff satisfies her burden of pleading enterprise coverage if she alleges her employer "(1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; *and* (2) has gross volume sales or business of at least $500,000 annually." *See Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1376-77 (S.D. Fla. 2012) (emphasis in original).

In the instant matter, Plaintiff has provided more than sufficient facts to place Defendant on notice. For example, Plaintiff alleged Defendant solicits funds from entities outside of Florida, such as Feeding America, Proctor & Gamble, Gordon Food Services, and other entities. Am. Compl. ¶ 6. Plaintiff further alleged Defendant charges nineteen cents per pound to transport the goods to its facility. *Id.* Plaintiff further alleged she and other sorters handled "goods and materials including food, canned goods, clothes, and medicine—all of which traveled through interstate commerce—and inspects and sorts the goods and materials to ascertain whether the goods or materials are appropriate for distribution." Am. Compl. ¶ 8. There is no dispute that Plaintiff sufficiently alleged enterprise coverage. Complaints with less allegations have withstood dismissal.

Courts have rejected assertions that FLSA coverage must be pled with "super detailed factual allegations." *See, e.g., Burton v. Hillsborough Cnty., Fla.*, 181 Fed. App'x 829, 840 (rejecting heightened pleading in FLSA cases); *Frazier v. Cummings Leasing, Inc.*, No. 3:07-CV-209-J-20TEM, 2007 WL 222596, at *2 (M.D. Fla. Aug. 2, 2007) ("[T]here is no heightened pleading requirement when alleging overtime wage claims under the FLSA."). In fact, the Eleventh Circuit, in interpreting the *Twombly* motion to dismiss standard in relation to Fair Labor Standard Act cases, stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombly* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). To state a claim with sufficient specificity "requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 1296.
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. See 29 U.S.C. §§ 206,207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. See *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred).

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (emphasis added).

Other courts in the Southern District have held that t is sufficient to allege that the plaintiff "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce, and that defendant "was an enterprise engaged in commerce .

. . as defined by the FLSA." *See Gonzalez v. Unidad of Miami Beach, Inc.*, No. 11-20640-CIV, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) (internal quotations omitted) (Huck, J.); *Schlinsky v. Action Video Prods., Inc.*, No. 09-CIV-61779, 2010 WL 227910 (S.D. Fla. Jan. 13, 2010) (Cohn, J.) (same); *Roberts v. Caballero & Castellanos, PL*, No. 09-231231-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (Moore, J.) (holding that Plaintiff's complaint satisfied FLSA coverage requirement). Specifically, this Court has denied a motion to dismiss where the plaintiff alleged,

> "Plaintiff was engaged in commerce or production of goods for commerce, or was employed by an enterprise engaged in commerce or in the production of goods for commerce . . . [that] Defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce . . . [and that the Defendant] was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA."

*Schlinsky*, 2010 WL 227910, at *2.[1]

The Honorable Judge Moore has upheld Plaintiff's Counsel's complaint that alleged even less facts as pled in this matter: the employer engages in interstate commerce and operates as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and transported from across state lines, and accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do business. *Roberts*, 2010 WL 114001, at *3.; *see,e.g., Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 8:07–cv–2359–T–23TGW, 2008 WL 793660, at *2 (M.D.Fla. Mar.24, 2008) ("[B]are bones allegations are acceptable for 'enterprise' coverage, and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for

---

[1] Defendant cited to this Court's opinion in *Perez v. Muab*, No. 10-cv-62441, 2011 WL 845818 (S.D. Fla. Mar. 7, 2011), but the complaint in that matter did not allege that the Defendant had a gross volume sale of at least $500,000, which is clearly distinguishable to the instant matter.

summary judgment or trial.") (internal citation omitted). Defendant is not barred from filing early summary judgment on the issue of coverage; however, the instant motion should be denied.

## IV. DEFENDANT IS COVERED UNDER THE FLSA EVEN IF IT PROVIDES CHARITABLE SERVICES

Defendant requests this Court take judicial notice that it is an eleemosynary organization so that it would not be subject to the mandates of the FLSA; however, there has never been such a bright-line rule. In fact, the FLSA "contains no express or implied exception for commercial activities conducted by . . . nonprofit organizations . . . ." *Tony & Susan Alamo Found.*, 471 U.S. 290, 297 (1985). Thus, so long as the employer competes with other business entities, it may fall within the meaning of enterprise coverage. *See id.* at 299. In the present matter, Defendant competes with other businesses in that it charges nineteen cents per pound of products sold. Zuniga, Decl. ¶. Moreover, it competes with other organizations for products when it placed bids. *See Archie v. Grand Cent. Pship., Inc.*, 997 F. Supp. 504, 529 (S.D.N.Y. 1998) (noting the employer "entered into the economic arena and competed against other organizations for economically beneficial contracts."). Moreover, the "legislative history clearly demonstrates Congress intended to extend coverage of the FLSA to companies that use products that have moved in interstate commerce." *Id.*; *see Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1370 (S.D. Fla. 2008) (noting the 1974 Senate Report "demonstrates a clear Congressional intent to expand enterprise jurisdiction to companies whose employees handle interstate materials used in the employer's own business, *regardless of whether that employer is the ultimate consumer of those materials*.") (emphasis in original). Even the former Fifth Circuit, in finding the Salvation Army was subject to the FLSA, held, "Organizations affecting commerce may not escape the

coverage of social legislation by showing that they were created for fraternal or religious purposes." *McClure v. Salvation Army*, 460 F.2d 553, 557 (5th Cir. 1972).[2]

Defendant reliance on *Reagor v. Okmulgee County Family Resource Center, Inc.* is misplaced. That case is distinguishable because the *Reagor* complaint "failed to allege sufficient facts indicating that she engaged in interstate commerce or that OCFRC was an enterprise engaged in commerce." 501 Fed. Appx. 805, 810-11 (10th Cir. 2012). In the present case, Plaintiff alleged Defendant solicits funds from entities outside of Florida, such as Feeding America, Proctor & Gamble, Gordon Food Services, and other entities. Am. Compl. ¶ 6. Plaintiff further alleged Defendant charges nineteen cents per pound to transport the goods to its facility, which clearly competes with logistics companies. *Id.* Plaintiff further alleged she and other sorters handled "goods and materials including food, canned goods, clothes, and medicine—all of which traveled through interstate commerce—and inspects and sorts the goods and materials to ascertain whether the goods or materials are appropriate for distribution." Am. Compl. ¶ 8. Plaintiff further alleged, as Defendant noted, that Defendant sells merchandise/apparel over the internet. Am. Compl. ¶ 6.[3]

Defendant also relies on *Kitchings v. Florida United Methodist Children's Home, Inc.*, a case that was decided on summary judgment. 393 F. Supp. 2d 1282 (M.D. Fla. 2005). In that case, the plaintiffs did not provide specific facts or reference the record in support of their assertion that the defendant was an enterprise covered by the FLSA. *Id.* at 1294 ("Plaintiffs do not enunciate specific facts, nor do they make any references to the record, in order to provide

---

[2] In *Bonner v. City of Pritchard*, the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981. 661 F. 2d 1206, 1207 & 1209 (11th Cir. 1981).

[3] Defendant's argument that it does not know what sort of merchandise or apparel is at issue is flawed because Defendant itself is the entity that places items for sale on its website. Suspiciously, however, Defendant's online "PX Store." If the Court takes judicial notice based on the internet pages cited by Defendant, it should also take judicial notice of the fact that Defendant sells merchandise through its "PX Store," which is located at www.feedingsouthflorida.org/store.htm.

evidence to support these conclusory assertions, and in any event, these assertions are contrary to the facts in the record."). In this matter, however, Plaintiff has attached hereto an "Agency Invoice" that further supports her assertion that Defendant engages in commercial activities. To the extent discovery reveals more information—or nothing more—, summary judgment is the proper method of disposing this matter.

## V.      PLAINTIFF STATED A CLAIM UNDER THE FMWA

Prior to bringing a claim under the FMWA, a plaintiff must provide a pre-suit notice to the defendant. Fla. Stat. § 448.110(6). The Florida Constitution, however, does not provide for a pre-suit notice requirement. *See Throw v. Republic Enter. Sys., Inc.*, No. 8:06-cv-724-T-30TBM, 2006 WL 1823783 (M.D. Fla. June 30, 2006). Defendant requests the Court dismiss Count II because it alleges the notice that it actually did send was defective. Notwithstanding, Defendant essentially admits that it did, in fact, receive notice of Plaintiff's intention of bringing the instant suit. In enacting the FMWA, the legislature noted:

> Paragraph (6)(b) allows the employer 15 calendar days after the receipt of the notice to pay the back wages ***or otherwise resolve the claim to the satisfaction of the employee***. If the employer fails to pay the back wages or otherwise satisfy the claim, the employee may file a civil action.

Fl. Staff An., S.B. 18, 12/6/2005 (emphasis added); *see* Fl. H.R. Jour., 2005 Spec. Sess. B, No. 3 (Dec. 8, 2005) (allowing the employer to "the claim to the aggrieved person's satisfaction.")

There is no requirement that the notice be limited to the actual amount owed and that it cannot include liquidated damages and attorneys' fees if the legislature intended the fifteen-day notice period to provide the employer an opportunity to resolve the claim to the employee's satisfaction. A Florida District Court has held that the notice is not a requirement under the FMWA. *See Throw*, 2006 WL 1823783, at *2-3. Since Plaintiff went above and beyond by even sending the notice, she should not be prejudiced for her including liquidated damages and

attorneys' fees, which would have settled the matter to her satisfaction. Accordingly, Count II should withstand dismissal.

## VI. CONCLUSION

Based on the foregoing—namely the fact that Plaintiff alleged more than enough facts too place Defendant on notice—this Honorable Court should enter an order in favor of Plaintiff, denying Defendant's Motion to Dismiss.

Dated this 20 day of May, 2013.

Respectfully submitted,

By: /s/ Anthony M. Georges-Pierre
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637
REMER & GEORGES-PIERRE, PLLC
44 West Flagler St, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

## CERTIFICATE OF SERVICE

I hereby certify that on May __20__, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Carlo D. Marichal

## SERVICE LIST

**Anthony M. Georges-Pierre, Esq.**
Email: agp@rgpattorneys.com
Remer & Georges-Pierre, PLLC
Court House Tower
44 West Flagler Street
Suite 2200
Miami, FL 33130
305-416-5000
Fax: 305-416-5005

**Daniel Albert Krawiec , II, Esq.**
Email: dkrawiec@hinshawlaw.com
**Cheryl Lorraine Wilke, Esq.**
Email: cwilke@hinshawlaw.com
Hinshaw & Culbertson LLP
One East Broward Blvd.
Suite 1010
Fort Lauderdale, FL 33301
954-467-7900
Fax: 954-467-1024