UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

13-60760-CIV-COHN/SELTZER

SANDRA I. VILLAFANA, and other
similarly-situated individuals,

    Plaintiff,

v.

FEEDING SOUTH FLORIDA, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 22]. The Court has considered the motion, Plaintiff's response [DE 25], Defendant's reply [DE 26], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Defendant, Feeding South Florida, Inc., is a 501(c)(3), Florida nonprofit corporation that works to ameliorate hunger by providing grocery products to a network of other nonprofit organizations.[1] From April 2, 2010, through June 15, 2012, Plaintiff

---

[1] Defendant's nonprofit status is not pleaded in the Amended Complaint. However, in the instant motion, Defendant asks the Court to take judicial notice of its registration as a nonprofit entity, and Plaintiff does not object. As Plaintiff notes, a court may take judicial notice of certain facts not contained in the pleadings without converting a motion to dismiss into a motion for summary judgment. See Universal Express, Inc. v. United States SEC, 177 F. App'x 52, 53 (11th Cir. 2006). This includes facts contained in the public record. See id. at 53-54. Here, because Defendant is registered as a nonprofit with the Florida Division of Corporations, the Court will take judicial notice of this fact.

Sandra I. Villafana worked for Defendant as a sorter at Defendant's facility.  DE 16 ¶¶ 10-11.  Plaintiff alleges that, while working for Defendant, she started working at 7:30 a.m. each morning, but was not compensated for work performed prior to 8:00 a.m.  Id. ¶ 10.  Therefore, Plaintiff claims that she was not paid the minimum wage for those hours.

On April 2, 2013, Plaintiff brought this action against Defendant, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, for failure to pay minimum wage.  See DE 1.  On April 30, 2013, Defendant filed a Motion to Dismiss Plaintiff's Complaint [DE 11] ("first motion to dismiss"), asserting that Plaintiff had failed to state a claim for relief.  Shortly thereafter, on May 2, 2013, Plaintiff filed an Amended Complaint [DE 16] and, accordingly, the Court denied as moot the first motion to dismiss.  See DE 20.  In the Amended Complaint, Plaintiff retains her FLSA claim (Count I), and adds an additional claim (Count II) for violation of the Florida Minimum Wage Act ("FMWA"), Florida Statutes § 448.110.  In the instant motion, Defendant moves to dismiss both counts of the Amended Complaint for failure to state a claim.  Plaintiff opposes the motion.

## II. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); and Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the complaint as true, and accept all reasonable inferences therefrom.  Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

Defendant seeks dismissal of both counts of the Amended Complaint.  First, Defendant moves to dismiss Count I on the basis that Plaintiff has not adequately alleged coverage under the FLSA.  Second, Defendant argues that the FMWA claim is barred because Plaintiff failed to comply with the FMWA's pre-suit notice provision.  The Court will address each of these arguments in turn.

**A. Count I, Violation of the FLSA**

The FLSA generally requires "employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. §§ 206(a), 207(a)). In order to trigger the applicability of the FLSA, an employee must establish that she is covered by the Act, based on either individual coverage or enterprise coverage. Id. Here, Defendant argues that Count I should be dismissed because Plaintiff has failed to establish either theory of coverage. As explained below, the Court finds that Plaintiff has not stated a claim for individual coverage, but that she has adequately pleaded enterprise coverage.

*i. Individual Coverage*

First, Defendant asserts that Plaintiff has not sufficiently pleaded individual coverage under the FLSA. An employee may claim individual coverage if she "regularly and 'directly participates in the actual movement of persons or things in interstate commerce.'" Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011) (quoting Thorne v. All Restorations Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006)); see also 29 U.S.C. § 206(a) (mandating that employers pay the statutory minimum wage to "each of his employees who in any workweek is engaged in [interstate] commerce or in the production of goods for [interstate] commerce"). As the Eleventh Circuit explained in Thorne, this requires that the employee either "(i) [work] for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) [regularly use] the instrumentalities of interstate commerce in

4

his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel."  448 F.3d at 1266 (citing McLeod v. Threlkeld, 319 U.S. 491, 493-98 (1943)).

Here, Plaintiff does not allege either of the Thorne factors.  First, she does not claim that she worked for an instrumentality of interstate commerce.  While Defendant may *use* the instrumentalities of interstate commerce — by shipping its goods, for instance — Plaintiff does not claim that Defendant itself is such an instrumentality.  See Josendis, 662 F.3d at 1316 (finding that, while the defendant's engaging in interstate commerce may be relevant under a theory of enterprise liability, it is irrelevant to the individual enterprise inquiry).  Second, Plaintiff does not assert that she regularly used the instrumentalities of interstate commerce, whether through interstate communication, travel, or other means.  Rather, she asserts individual coverage on the basis that "Plaintiff and other similarly situated SORTERS handled goods and materials — all of which traveled through interstate commerce — and inspects and sorts the goods and materials to ascertain whether the goods or materials are appropriate for distribution."  DE 16 ¶ 8.  However, as Defendant points out, merely "handling goods . . . that have previously traveled in interstate commerce does not constitute engaging in interstate commerce."  Joseph v. Nichell's Caribbean Cuisine, Inc., 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012); see also Thorne, 448 F.3d at 1267 (finding that an employee who engages in intrastate movement of goods, which have been previously moved in interstate commerce, is not covered under the FLSA).  In order to plead individual coverage, a plaintiff must at least allege that the goods continued to move in interstate commerce after she handled them.  See Lopez v. Top Chef. Inv., Inc., No. 07-21598-CIV-MOORE/GARBER, 2007 U.S. Dist. LEXIS 88120, at *4-5 (S.D. Fla. Nov. 30,

2007) (finding no individual coverage for a cook at a local restaurant because he "[did] not allege that the food later returned to interstate commerce."). In this case, Plaintiff does not claim that the goods and materials that she sorted returned to the stream of interstate commerce after she sorted them. She alleges only that the goods traveled through interstate prior to her handling them. Therefore, the Court concludes that Plaintiff has failed to adequately plead individual coverage under the FLSA.

### ii. Enterprise Coverage

Defendant also claims that Plaintiff has not sufficiently alleged enterprise coverage. Pursuant to § 206(a) of the FLSA, enterprise coverage applies to any employee who "is employed in an enterprise engaged in [interstate] commerce or in the production of goods for [interstate] commerce." Section 203(r) defines an "enterprise" as:

> (1) The related activities performed (either through unified operation or common control) by any person or persons **for a common business purpose**, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units . . . .

29 U.S.C. § 203(r). Further, § 203(s)(1)(A) provides that an "enterprise engaged in commerce or in the production of goods for commerce" is one that:

> (i) has employees engaged in [interstate] commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A).

Here, Defendant contends that Plaintiff has failed to sufficiently allege that

Defendant is an 'enterprise' acting with a 'common business purpose' under § 203(r). As noted above, Defendant is 501(c)(3) nonprofit organization. However, their nonprofit status does not necessarily exempt them from enterprise coverage. The Supreme Court has recognized that "[a]ctivities of eleemosynary, religious, or educational organization[s] may be performed for a business purpose. Thus, where such organizations engage in ordinary commercial activities . . . the business activities will be treated under the [FLSA] the same as when they are performed by the ordinary business enterprise." Tony & Susan Alamo Foundation v. Sec'y of Labor, 471 U.S. 290, 297 (1985) (quoting 29 C.F.R. § 779.214 (1984)). In determining whether a charitable enterprise meets the 'common business purpose' requirement, courts have looked at whether "the enterprise is primarily engaged in competition in the public with ordinary commercial activities." Kitchings v. Fla. United Methodist Children's Home, Inc., 393 F. Supp. 2d 1282, 1294 (M.D. Fla. 2005) (quoting Murray v. R.E.A.C.H. of Jackson County, Inc., 908 F. Supp. 337, 339 (M.D.N.C. 1995)).

Here, the Amended Complaint alleges the following facts relevant to Plaintiff's claim that Defendant competes with private businesses:

> 6. . . . . The Defendant solicits funds from out-of-state entities including, but not limited to, Feeding America, Proctor & Gamble, Gordon Food Services, and the United States Department of Agriculture (all located outside of Florida). Defendant also sells merchandise/apparel on the internet via its website. Defendant also charges approximately 19 cents per pound to transport the goods to tis [sic] facility, competing with other logistics companies. Defendant purchases pallets of food via bids placed. Defendant's customers pay a certain price to receive "donations."

DE 16 ¶ 6. Defendant contends that none of these allegations, taken as true, would be sufficient to plausibly demonstrate enterprise coverage. In analyzing Plaintiff's factual

7

allegations, the Court keeps two background principles in mind.  First, the determination of whether a nonprofit is engaged in competition "requires a factually-driven analysis of whether the entity is [so engaged]."  Davis v. Group Homes for Children, Inc., No. 2:09cv415-WHA (WO), 2009 U.S. Dist. LEXIS 81531, at *14-15 (S.D. Ala. Sept. 8, 2009).  Unless a party has failed to satisfy the pleading standard under Iqbal, this fact-intensive inquiry is generally more appropriately conducted at the summary judgment stage, rather than on a motion to dismiss.  See id.  Second, courts conducting this analysis have placed emphasis on whether a nonprofit's commercial activities cause it to interact with the general public such that the nonprofit economically competes with other organizations.  Compare Wagner v. Salvation Army, 660 F. Supp. 466, 467-68 (E.D. Tenn. 1986) (finding that the defendant's transient lodge did not qualify as an 'enterprise' because it did not serve the general public and did not compete with private entrepreneurs), with Archie v. Grand Cent. P'ship, 997 F. Supp. 504, 529 (S.D.N.Y. 1998) (finding enterprise coverage where defendant nonprofit employed plaintiffs to perform security and recycling activities for public and private entities, and thereby "competed against other organizations for economically beneficial contracts.").

      Based on these principles, the Court concludes that the Amended Complaint plausibly alleges enterprise coverage.  The Court finds two of Plaintiff's allegations particularly relevant.  First is Plaintiff's claim that Defendant bids on pallets of food.  Defendant in the instant motion has asked the Court to take note that one of its primary activities is distributing grocery products to a network of other agencies, who then distribute it to the needy.  Plaintiff alleges that Defendant purchases such products by competing with other entities through bids placed on pallets.  In engaging in that

competition, the payment of substandard wages would undoubtedly give Defendant an unfair advantage against other organizations that bid on the products.  This is one means of 'unfair method of competition' that the FLSA was enacted to prevent. See Tony & Susan Alamo Foundation, 471 U.S. at 299; see also Archie, 997 F. Supp. at 529 (finding that violations of minimum wage laws gave the defendant nonprofit an unfair advantage in competing against other organizations).  Second, Plaintiff alleges that Defendant charges a fee for its 'donations.'  Courts have frequently considered whether a nonprofit charged a fee for its services to be relevant in assessing the organization's commercial activities.  See  Murray, 908 F. Supp. at 341 (finding no enterprise coverage in part because "[t]he organization does not charge money for [its] services, and no goods are sold on the premises.") (citing Wagner, 660 F. Supp. at 467); see also Briggs v. Chesapeake Volunteers in Youth Servs., 68 F. Supp. 711, 714-15 (E.D. Va. 1999) (finding no enterprise coverage because defendant did not "[compete] with other commercial ventures, or [charge] its clients for services.").  Taken together, these two allegations plausibly show that Defendant was engaged in ordinary commercial activities, and thus that Plaintiff is entitled to enterprise coverage under the FLSA.  Accordingly, the motion will be denied as to Count I.

### B. Count II, Violation of the FMWA

In Count II of the Amended Complaint, Plaintiff alleges that Defendant violated the FMWA, Florida Statutes § 448.110, for failing to pay her for work performed before 8 a.m.  Defendant argues that Count II should be dismissed because Plaintiff failed to give proper pre-suit notice of her claim.  Pursuant to Florida Statutes, § 448.110(6)(a), a party wishing to bring suit under the FMWA must provide pre-suit written notice to her

employer, stating her intent to bring such an action.  Specifically, the statute provides that:

> The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Fla. Stats. § 448.110(6)(a).  Once the employee gives notice of the claim, the employer has fifteen days to pay the unpaid wages or otherwise resolve the claim. § 448.110(6)(b).  If the employer does not settle the claim within that period, then the employee may bring suit under the FMWA.  Id.  Courts in this District have routinely dismissed FMWA claims that fail to satisfy the pre-suit notice requirement.  See, e.g., Gomez v. Kern, No. 12-20622-CIV-COOKE/TURNOFF, 2012 U.S. Dist. LEXIS 44102, at *4-5 (S.D. Fla. Mar. 29, 2012); Dominguez v. Design by Nature Corp., No. 08-20858-CIV-O'SULLIVAN, 2008 U.S. Dist. LEXIS 83467, at *3-5 (S.D. Fla. Sept. 25, 2008).

In the instant motion, Defendant concedes that Plaintiff provided notice of her claim, but disputes that the notice satisfied § 448.110(6)(b).  Defendant purports to attach a copy of the notice to the present motion.  However, Plaintiff makes no reference to any pre-suit notice in her Amended Complaint, nor does she attach it to the Amended Complaint.  At the motion to dismiss stage, the Court will not consider matters outside the pleadings.  Accordingly, because the Court cannot determine whether the notice complied with the statutory requirement, the Court will dismiss Count II without prejudice.  See Gomez, 2012 U.S. Dist. LEXIS 44102, at *4-5 (dismissing without prejudice FMWA claim where defendants disputed the adequacy of the notice, but plaintiff failed to plead the contents thereof).

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 22] is **GRANTED in part and DENIED in part** as follows:

    a. With respect to Count I of the Amended Complaint, the motion is **DENIED**.

    b. With respect to Count II of the Amended Complaint, the motion is **GRANTED** and Count II is **DISMISSED without prejudice**.

2. By no later than **June 24, 2013**, Plaintiffs may file a Second Amended Complaint in accordance with the above findings. Alternatively, by no later than **June 24, 2013**, Plaintiff may file a Notice to proceed solely on Count I.

3. Defendants' Answer will be due 14 calendar days from the filing of a Second Amended Complaint or Notice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 12th day of June, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.